```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,           :
                                    :       01-cr-1110 (LAP)
    -against-                       :
                                    :            ORDER
RICARDO SILVA,                      :
                                    :
              Defendant.            :
------------------------------------x
```

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant Ricardo Silva's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. no. 194 ("Motion").) The Government opposes. (Dkt. no. 199.) For the reasons set out below, the Motion is denied.

I. Discussion

Defendant's Motion seeks a sentence reduction through the retroactive application of United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") Amendment 821, which took effect on November 1, 2023. The Motion rests on Part A of Amendment 821, which alters a provision of the Guidelines that applies additional criminal history points, commonly referred to as "status points," for offenders who committed an offense while subject to a criminal justice sentence. See United States v. Garcia, 19-CR-593 (KMW), 2024 WL 2830908, at *3 (S.D.N.Y. June 3, 2024); see also U.S.S.G. § 4A1.1.

A defendant is generally eligible for potential relief if, as a result of Amendment 821, the defendant's amended Guidelines

range is lower than the range that applied at the defendant's original sentencing and if the defendant did not already receive a sentence lower than the amended range on any ground other than substantial assistance.  See United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021); see also United States v. James, 702 F. App'x 24, 26 (2d Cir. 2017) (summary order) ("[S]entence reduction under § 3582(c)(2) cannot be to a term less than the low end of the amended Guidelines range . . . ."); United States v. Morris, 2024 WL 3876186, at *1 (S.D.N.Y. Aug. 19, 2024) (citing Young, 998 F.3d at 46 n.1).

Here, 18 U.S.C. § 3582(c)(2), which governs the Motion, establishes a two-step inquiry.  "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."  Dillon v. United States, 560 U.S. 817, 826 (2010). Under application note 1(A) to Section 1B1.10: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable [G]uideline range (i.e., the [G]uideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)."

Defendant does not qualify for relief under Amendment 821. As noted in the Supplemental PSR, even when accounting for the status point recalculation, Defendant's total offense level and criminal history category remain unchanged. (Dkt. no. 198 at 3-4). Defendant's Guideline calculation is life imprisonment, followed by a mandatory consecutive term of 60 months' imprisonment on Count 12. (Id. at 4.) Accordingly, Defendant is not eligible for a sentence reduction.

## II. Conclusion

For the reasons set out above, the Motion, (dkt. no. 194), is denied. The Clerk of Court shall mail a copy of this order to Defendant.

**SO ORDERED.**

Dated:   New York, New York
         November 12, 2024

_____
LORETTA A. PRESKA
Senior United States District Judge